IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: | ) |
| | ) |
| DAWN SHERRELL ROBINSON, ) | Case No. 05-46936 |
| | ) |
| Debtor. ) | |

MEMORANDUM OPINION

This matter comes before the Court on the motion of Dawn Sherrell Robinson ("Debtor") to keep her tax refunds and her objection to the amended claim of the Internal Revenue Service ("IRS"). Debtor asserts that she should be allowed to spend her income tax refunds for the years 2003 & 2004 notwithstanding the claim of the IRS that it has a right to set off the refunds against pre-petition tax liability. Debtor argues that the requisite mutuality is lacking because the tax refunds were accrued post-petition and even if determined to have accrued prepetition, she asserts that the IRS should be barred from setoff because she had already confirmed her plan which does not provide for such a setoff and proposed to pay the IRS in full. The IRS filed an objection to Debtor's motion arguing that it does have a right to setoff because the tax refunds accrued prior to the bankruptcy filing and that the plain language of § 553(a) controls over other Code sections, including § 1327 on the effect of confirmation. The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the Court denies the Debtor's Motion to Keep Tax Refund ("Motion") as to the portion relating to the federal income tax refund and overrules her objection to the amended claim.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The facts in this matter have been stipulated to by the parties. On September 22, 2005, Debtor

filed a bankruptcy petition under Chapter 13. Debtor filed her schedules and plan on November 2, 2005. She listed "none" on her Schedule B for "Other contingent and unliquidated claims of every nature, including tax refunds...." The IRS received notice of the case and filed a proof of claim on October 24, 2005 totaling $14,138.61. The IRS claimed $6,696.68 as priority unsecured based on estimated returns for 2003 and 2004 and $7,441.93 as general unsecured for the 2001 tax year liability. According to the IRS, Debtor filed her 2003 and 2004 federal income tax returns on January 23, 2006. Debtor's 2003 tax return claims a refund of $3,980 and her 2004 tax return claims a refund of $3,644. Debtor filed an objection to the IRS's claim on January 25, 2006, and the Motion on January 30, 2006[1].

On February 16, 2006, the IRS filed a response to Debtor's objection to its claim and an objection to Debtor's Motion. Debtor's Chapter 13 plan was confirmed on February 17, 2006. The IRS did not file an objection to the plan. On March 13, 2006, the IRS filed an amended proof of claim and listed a secured claim in the amount of $7,441.93 based upon a right to set-off. Debtor then filed an objection to the amended proof of claim on March 28, 2006. On that same date Debtor amended her schedule B listing the tax refunds. No other objections to Debtor's motion to keep tax refunds have been filed.

## II. DISCUSSION AND ANALYSIS

### A. Setoff

11 U.S.C. § 553(a) provides that "[e]xcept as otherwise provided in this section and sections

---

[1] The Court granted Debtor's motion as to the refunds for the States of Missouri and North Carolina.

2

362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case...." Although no federal right of setoff exists under the Code, "any right of setoff that a creditor possessed prior to the debtor's filing for bankruptcy is not affected by the Bankruptcy Code." *In re Munson*, 248 B.R. 343, 345 (C.D. Ill. 2000). Section 6402(a) of the Internal Revenue Code authorizes the IRS to offset a taxpayer's overpayment against any outstanding tax liabilities. *See* 26 U.S.C. § 6402(a); *In re Rozel Indus., Inc.*, 120 B.R. 944, 948 (Bankr. N.D. Ill. 1990)*; see also, In re Womack*, 188 B.R. 259, 261 (Bankr. E.D. Ark. 1995); *Munson*, 248 B.R. at 345. In order to establish a valid right to setoff under § 553, the IRS must prove: (1) a debt owed by the creditor to the debtor which arose prior to the commencement of the bankruptcy case; (2) a claim of the creditor against the debtor which arose prior to the commencement of the bankruptcy case; and (3) the debt and claim must be mutual obligations. *See In re United States v. Gerth*, 991 F.2d 1428, 1431 (8th Cir. 1993); *see also, Luongo*, 259 F.3d at 334 (citing *Braniff Airways, Inc. V. Exxon Co.*, 814 F.2d 1030, 1035 (5th Cir. 1987). In this case, there is no dispute as to the second and third requirements; the issue is whether the Debtor's claim against the IRS (the refund claim) arose before the filing of the petition.

Debtor argues that at the time she filed her bankruptcy petition, the 2003 and 2004 tax refunds were not in existence because she had not yet filed her tax returns for those years and thus, the refunds arose post-petition and the IRS is not entitled to setoff. The IRS contends that a taxpayer's interest in a tax refund arises at the end of the taxable year in which the refund was earned. Thus, the IRS asserts that Debtor's interest in the tax refunds for tax years 2003 & 2004 arose prior to the filing of the

bankruptcy petition and was thus a pre-petition interest and available to off set against Debtor's tax liability.

Debtor cites *United States v. Holden*, 258 B.R. 323, 326-27 (D. Vt. 2000) to support her argument that her tax refunds were post-petition debts owed to Debtor and thus not susceptible to setoff by the IRS against a pre-petition debt owed by Debtor. In *Holden*, the debtors filed their bankruptcy petition in May 1996. In February 1997, the IRS froze the debtors' tax refund that was owed for the taxable year 1996. Although the *Holden* court did not address the issue, it appears that at least a portion of the refund owed to the debtors in that case arose post-petition because the bankruptcy petition was filed in the middle of a taxable year. Thus, the court held that the pre-petition debt owed by the debtors to the IRS could not be offset by the post-petition refunds owed to the debtors by the IRS. *Holden*, 258 B.R. at 327.

However, the *Holden* case is distinguishable from the case at issue. In the instant case, the tax refunds were all fully realized prior to the date of the bankruptcy filing. The IRS cites several cases to support the proposition that a refund arises at the end of the taxable year and not when the tax return is filed. The court in *In re Luongo*, 259 F.3d 323, 334 (5th Cir. 2001), found that the date when the tax return is filed is not relevant in determining when the debt arose, otherwise a debtor could manipulate the system to shelter assets by withholding the filing of pre-petition tax returns until after filing a bankruptcy petition. This Court agrees.

"Whether a debt arises prepetition is governed by when the debt accrued, not when the action for recovery was brought." *Luongo*, 259 F.3d at 334. "'A tax obligation accrues when the event that triggers liability has occurred.'" *Id.* (citing *Matter of Midland Indus. Service Corp.*, 35 F.3d 164, 167

4

(5th Cir. 1994) ("[A] tax claim is incurred on the date it accrues rather than the date it is assessed or becomes payable.")); *In re Harbaugh*, 1989 WL139254 (W.D. Pa. 1989), *aff'd*, 902 F.2d 1560 (3d Cir. 1990); *see also, In re Glenn*, 207 B.R. 418, 420 (E.D. Pa. 1997) (finding a taxpayer's interest in a tax refund accrues at end of the taxable year); *In re Okwukwu*, 210 B.R. 194 (Bankr. N.D. Ala. 1997); *In re Pettibone Corp.*, 161 B.R. 960, 963 (N.D. Ill. 1993) (finding right to refund arises prior to and irrespective of taxpayer's compliance with procedural requirements for claiming that refund); *In re Ferguson*, 83 B.R. 676 (Bankr. E.D. Mo. 1988); *In re Eggemeyer*, 75 B.R. 20 (Bankr. S.D. Ill. 1987); *In re Conti*, 50 B.R. 142 (Bankr. E.D. Va. 1985). By December 31, 2003 and December 31, 2004, respectively, all of the events necessary to establish Debtor's tax refund for her 2003 and 2004 tax years had occurred. Thus, because Debtor's bankruptcy petition was filed on September 22, 2005, the tax refunds (the debt owed to Debtor by the IRS) arose prior to the commencement of the case. As mentioned, this Court agrees with the *Luongo* court that to hold otherwise would allow a debtor to manipulate the system by delaying the filing of tax returns until a date that would enable her to claim her tax refund was incurred post-petition and not subject to setoff against pre-petition debt owed to the IRS[2].

Thus, the issue becomes whether the IRS possesses the right to offset a mutual debt under the facts of this case. Based on the elements laid out above, the IRS does in fact have a right to offset a mutual debt in this case. *See Gerth*, 991 F.2d at 1431. The IRS held a claim against Debtor which

---

[2]Debtor also cites 26 C.F.R. § 301.6402-3(a)(5) (1994) as authority that the refund does not exist until a properly executed tax return is filed by the taxpayer. That section states that a properly executed tax return constitutes a claim for refund for the amount of the overpayment disclosed by such return. However, this language does not state that the date the tax return is filed is when the tax refund accures, only that that is when a claim for such refund is made by the taxpayer.

5

arose prior to the commencement of the bankruptcy case based on a 2001 tax liability. As discussed, the Court has determined that the tax refunds for the years 2003 & 2004 constituted a debt owed by the IRS to Debtor which arose prior to the commencement of the bankruptcy case, specifically on December 31, 2003, and December 31, 2004, respectively. Because both debts arose prepetition and the parties are the same, the debt and claim are mutual obligations. Accordingly, all necessary elements to exercise setoff are present.

### B.  § 1327 Effect on § 553

Debtor next argues that even if the tax refunds are determined to be pre-petition debt, the IRS should not be allowed to exercise setoff because Debtor's plan had already been confirmed before it attempted to offset the debts and the IRS did not object to the plan. Debtor contends that the confirmation of a Chapter 13 plan under § 1327 extinguishes rights of setoff otherwise held by the IRS. *See In re Warden*, 36 B.R. 968, 972 (Bankr. D. Utah 1984) (citing *In re Alexander*, 31 B.R. 389, 391 (Bankr. S.D. Ohio 1983); *In re Hackney*, 20 B.R. 158, 159 (Bankr. D. Idaho 1982); *In re Holcomb*, 18 B.R. 839, 841 (Bankr. S.D. Ohio 1982)); *see also, United States v. Norton*, 717 F.2d 676, 774 (3rd Cir. 1983)*; In re DeLaurentiis Entertainment Group, Inc.*, 963 F.2d 1269, 1276-77 (9th Cir. 1992) (analyzing §§ 553 and 1141 in Chapter 11 plan confirmation context and finding the language of § 553 establishes a right to setoff in bankruptcy, subject to enumerated exceptions, and seems intended to control notwithstanding any other provision of the Code ; a contrary conclusion would nullify § 553; presumption in favor of setoff exists in bankruptcy); *In re Davidovich*, 901 F.2d 1533, 1539 (10th Cir. 1990) (analyzing Chapter 7 context comparing §§ 553 & 524 and reaching same conclusion).    The IRS disagrees and argues that the plain language of § 553 allows it to

6

exercise setoff notwithstanding confirmation of a plan by Debtor.

The cases upon which Debtor relies which have held that confirmation of the Chapter 13 plan prevents subsequent setoff are predicated upon the binding effect of plan confirmation as specified in § 1327. Those courts apparently feel that permitting setoff after confirmation of a plan which does not specify setoff as a manner for repayment is inconsistent with the confirmation order and threatens the integrity of the confirmation process. However, to observe that confirmation of the plan is binding on the creditor who seeks to exercise a right of setoff merely begs the question as to which of the two statutes should govern the outcome. This Court believes that the appropriate, and perhaps the only, way to reconcile the statutes is to recognize that by its express terms, § 553 preserves (with two exceptions not relevant here) the right of setoff notwithstanding any other provision of "this title" (the Bankruptcy Code) and that § 1327 is one of the provisions of "this title." This interpretation gives full effect to both statutes, recognizing that generally confirmation binds the debtor and creditors to the terms of the plan, but that when the specific question is the right to setoff, § 553 prevails.

The plain language of § 553 provides that "[e]xcept as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt." 11 U.S.C. § 553(a). The plain language of the Code in § 553, therefore, states that the right to offset a mutual debt is tempered only by the automatic stay of § 362, and the limitations on the use, sale or lease of property as controlled by § 363. *See In re South Park Care Assoc., Inc.,* 203 B.R. 445, 447-48 (Bankr. W.D. Mo. 1996) (holding confirmation of chapter 11 plan did not affect setoff right under § 553).

This Court agrees with those courts that hold that the plain language of the statute controls and

7

that setoff is not affected by the confirmation process under § 1327. *See In re Bare*, 284 B.R. 870, 874-75 (Bankr. N.D. Ill. 2002); *Munson*, 248 B.R. at 346; *Okwukwu*, 210 B.R. at 197; *In re Tillery*, 179 B.R. 576 (Bankr. W.D. Ark. 1995); *Womack*, 188 B.R. at 261-62; *In re Warwick*, 179 B.R. 582 (Bankr. W.D. Ark. 1995); *In re Olson*, 175 B.R. 30 (Bankr. D. Neb. 1994); *In re Whitaker*, 173 B.R. 359 (Bankr. S.D. Ohio 1994); *In re Orlinski*, 140 B.R. 600 (Bankr. S.D. Ga. 1991). Thus, the fact that Debtor's plan had already been confirmed under § 1327 does not affect the ability of the IRS to exercise its right to offset the debts under § 553 and § 6402 of the Internal Revenue Code.

Therefore, for the reasons stated above, the Debtor's Motion is hereby denied[3] and her objection to the amended claim of the IRS is overruled. This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law. A separate Order will be entered pursuant to Fed. R. Bankr. P. 9021.

Dated: <u>May 18, 2006</u>       /s/ Dennis R. Dow

                                THE HONORABLE DENNIS R. DOW
                                UNITED STATES BANKRUPTCY JUDGE

Copies to:

Susan Bratcher
Douglas S. Polsky

---

[3] That portion of Debtor's motion relating to the federal income tax refund is denied. The motion relating to the refunds from the States of Missouri and North Carolina was previously granted.

Case 05-46936-drd13 Doc 70 Filed 05/18/06 Entered 05/18/06 07:33:00 Desc Main
Document Page 9 of 9